UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No. 8:15-cr-435-T-60AAS

KEVIN L. POWELL,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTION FOR
COMPASSIONATE RELEASE PURSUANT TO THE FIRST
STEP ACT PURSUANT TO 18 USC 3582(C)(1)(A) AND COVID-19"**

This matter is before the Court on Defendant Kevin L. Powell's "Motion for Compassionate Release Pursuant to the First Step Act Pursuant to 18 USC 3582(c)(1)(A) and Covid-19," filed *pro se* on September 30, 2020. (Doc. 68). On September 30, 2020, the Court directed the United States to respond to the motion. (Doc. 70). On October 13, 2020, the Government filed its response. (Doc. 71). After reviewing the motion, response, case file, and the record, the Court finds as follows:

On March 17, 2016, Defendant pled guilty to one count of felon in possession of a firearm as an Armed Career Criminal, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. 32). On July 22, 2016, the Court sentenced Defendant to 180 months imprisonment. (Doc. 50). Defendant is currently incarcerated at Jesup FCI in Jesup, Georgia, and he is projected to be released on or about April 16, 2029.

Following Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States

officially declared a national emergency due to the virus.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to health concerns, the spread of Covid-19 among incarcerated persons, and the Bureau of Prison's inadequate response to the Covid-19 pandemic. Specifically, Defendant claims that, as a longtime smoker, he has developed emphysema, which causes "abnormal dilation of air sacs" and "shortness of breath" and puts him at higher risk of significant symptoms from COVID-19. Defendant contends that he is not a risk to the public if released, and he faces serious and unavoidable health problems if he were to remain incarcerated for the remainder of his sentence. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Although he has exhausted his

administrative remedies, the Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical condition.[1] Defendant is a 52-year old offender with a <u>lengthy</u> prior criminal history. He has not explained how his medical condition substantially diminishes his ability to provide self-care in his correctional facility. In fact, his medical records indicate that his condition is being treated and managed within BOP. (Doc. 68-1). Moreover, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.")

---

[1] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable section 3553(a) factors weigh strongly against granting compassionate release in this case. Specifically, Defendant cannot satisfy his burden of demonstrating that he is not a danger to the community – he was sentenced as an Armed Career Criminal based on his lengthy criminal history, which includes ten convictions for the sale of cocaine and a conviction for throwing a deadly missile. (Doc. 45). Consequently, Defendant's "Motion for Compassionate Release Pursuant to the First Step Act Pursuant to 18 USC 3582(c)(1)(A) and Covid-19" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 21st day of October, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**